UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGER LEASING CORP., a Nevada corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>Barge PT. POTRERO, official number 523213, *in rem*, TED BUHL and JANE DOE BUHL, individually, and the marital community composed thereof; BUHL DIVING & SALVAGE, a sole proprietorship, *in personam*<br><br>      Defendants.<br><br>AND ALL RELATED ACTIONS | No. 05-5117 SC<br><br>ORDER RE: CLAIMANTS' MOTION TO QUASH ARREST OR IN THE ALTERNATIVE FOR COSTS SECURITY |

## I. **INTRODUCTION**

Claimants in this case, Riverview Equipment Company LLC and Jerico Products, Inc. ("Claimants"), filed this motion on January 13, 2005, seeking an adversary hearing pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule E(4)(f) ("Supplemental Rule E(4)(f)") and Local Admiralty and Maritime Rule 4-8 (Local Maritime Rule 4-8").  According to Claimants' moving papers and declarations attached thereto, the adversary hearing is necessary to determine whether Plaintiff in this case, Greger Leasing Corporation ("Plaintiff" or "Greger Leasing"), has a valid maritime lien on the in rem Defendant in this case, the Barge Pt. Potrero, which was arrested by the United States Marshal Service on December 14, 2005.  The arrest was conducted pursuant to an

1  Order of this Court that was issued following the filing of a
2  verified complaint and appropriate motions on December 12, 2005.
3  Claimants now assert that Plaintiff does not have and never
4  had a valid maritime lien on the Barge Pt. Potrero, and, on that
5  basis, have requested an adversary hearing to prove their claim
6  and have the arrest quashed.  See Docket #25.  In the alternative,
7  Claimants request that the Court order Plaintiff to post a bond in
8  an amount greater than or equal to $25,000.00, because, Claimants
9  assert, Plaintiff is a newly-formed, out-of-state corporation that
10 allegedly does not maintain a substantive presence in the state of
11 California, and is therefore a threat to avoid satisfying whatever
12 financial obligations it might incur in connection with the
13 instant dispute, including any damage caused to the Barge or the
14 Haystack Bridge in which the Barge became lodged during the arrest
15 and attempted transfer of the vessel to Pier 50 in San Francisco.
16 Id.  Claimants assert that they are entitled to a hearing upon
17 three days notice to Plaintiff pursuant to Supplemental Rule
18 E(4)(f) and Local Maritime Rule 4-8.
19 Plaintiff has raised substantive and procedural objections to
20 Claimants' motion, asserting that Plaintiff does have a valid lien
21 on the Barge;[1] that he is not estopped from claiming such a lien;
22 that Claimants waived their opportunity to request an adversary

---

[1] Plaintiff has also objected to Claimants' filings because, he asserts, the documents exceed the 25-page limit established by the Civil Local Rules.  However, the Court notes that the 25-page limit applies to the memorandum of points and authorities filed in support of or in opposition to a motion, and does not limit the length of documentation filed in support of the memorandum, such as declarations or affidavits.  See Local Rules 7-2, 7-3, 7-4, & 7-5.

hearing by failing to raise the issue at either of several post-arrest proceedings before the Court; and that, in any event, Supplemental Rule E(4)(f) does not contemplate an adversary hearing one month after arrest of a vessel.  See Docket # 32.

## II.  DISCUSSION

Supplemental Rule E(4)(f) provides that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Local Maritime Rule 4-8 provides that the adversary hearing called for in Supplemental Rule E(4)(f) "shall be conducted upon 3 days written notice to plaintiff, unless otherwise ordered."

Although neither rule nor the sparse case law applying the rules indicates that a party waives its right to an adversary hearing by failing to request one immediately after the arrest, the Advisory Committee notes to the 1985 Amendment to Supplemental Rule E(4)(f) indicate that the rule was implemented in order to "satisfy the constitutional requirement of due process by guaranteeing to the shipowner a prompt post-seizure hearing...." (emphasis added).  The wording of this explanatory sentence indicates that the word "prompt" is meant to describe the temporal interval between the arrest and the hearing, rather than the interval between the motion for the hearing and the hearing itself.  Similarly, a review of the several reported cases that have involved adversary hearings under Supplemental Rule (E)(4)(f) indicates that such hearings generally take place within several

3

days of the arrest.  See Marubeni America Corp. v. M/V Unity, 802 F. Supp. 1353 (D. Md. 1992); see also Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH & Co. KG, ___ F. Supp. 2d ___, 2006 WL 52713 (S.D.N.Y. 2006).

Although Local Maritime Rule 4-8 provides for an adversary hearing "upon 3 days written notice to plaintiff," the rule specifically references the "adversary hearing following arrest...that is called for in...Rule E(4)(f)."  Thus, if the adversary hearing contemplated by Rule E(4)(f) is to be held promptly after arrest, the three-day notice period described by Local Maritime Rule 4-8 merely quantifies what "prompt" means in this District.  But where E(4)(f) is rendered inapplicable by the passage of over a month's time, so too is Local Maritime Rule 4-8 and its notice provisions.

In any event, and as an alternative basis for sustaining the Court's ruling, Local Maritime Rule 4-8 provides that the Court may order an alternative notice period to the three days set forth in the Rule.  Because the Court finds that Claimants have raised several different arguments that may be dispositive of the rights and obligations of both Plaintiff and Claimants, the Court finds that it would be unwise to rule on such issues absent a full briefing schedule.

//
//
//
//
//

4

### III. CONCLUSION

Accordingly, Claimants' motion is DENIED. The Court will grant the parties leave to renotice and refile their motion in compliance with the Local Rules governing noticing and filing of motions.

IT IS SO ORDERED.

Dated: January 23, 2006

_____
UNITED STATES DISTRICT JUDGE