UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGER LEASING CORP., a Nevada corporation, | No. C-05-5117 SC |
| Plaintiff, | ORDER RE: CLAIMANTS' MOTION TO QUASH ARREST OR IN THE ALTERNATIVE FOR COSTS SECURITY |
| v. | |
| Barge PT. POTRERO, official number 523213, in rem, TED BUHL and JANE DOE BUHL, individually, and the marital community composed thereof; BUHL DIVING & SALVAGE, a sole proprietorship, in personam | |
| Defendants. | |
| AND ALL RELATED ACTIONS | |

## I. INTRODUCTION

Claimants in this case, Riverview Equipment Company LLC and Jerico Products, Inc. ("Claimants"), filed a motion on January 13, 2006 in which they sought an adversary hearing on seven days' notice pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule E(4)(f) ("Supplemental Rule E(4)(f)") and Local Admiralty and Maritime Rule 4-8 ("Local Maritime Rule 4-8"). The Court denied that motion but allowed Claimants leave to re-notice and re-file their motion in compliance with the usual 35-day briefing schedule, which Claimants have now done. According to Claimants' moving papers and declarations attached thereto, an adversary hearing is necessary to determine whether Plaintiff in this case, Greger Leasing Corporation ("Plaintiff" or "Greger

Leasing"), has a valid maritime lien on the in rem Defendant in this case, the Barge Pt. Potrero, which was arrested by the United States Marshal Service on December 14, 2005. The arrest was conducted pursuant to an Order of this Court that was issued following the filing of a verified Complaint and appropriate motions on December 12, 2005.

## II. DISCUSSION

Claimants assert that Plaintiff does not have and never had a valid maritime lien on the Barge Pt. Potrero, and, on that basis, have requested an adversary hearing to prove their claim and have the arrest quashed. See Claimants' Motion to Quash Arrest at 8-11 ("Claimants' Mtn."). In the alternative, Claimants request that the Court order Plaintiff to post a bond in an amount greater than or equal to $25,000.00. See id. at 14. Claimants assert that they are entitled to a hearing on these claims pursuant to Supplemental Rule E(4)(f) and Local Maritime Rule 4-8.

Plaintiff has opposed Claimants' motion on a variety of grounds, including his claim that Supplemental Rule E(4)(f) does not provide for an adversary hearing nearly three months after arrest of a vessel, and that, in any event, Claimants have already waived their right to such a hearing. See Plaintiff's Opposition to Motion to Quash Arrest at 3-10.

The Court, now having had the benefit of a full briefing schedule, finds that good cause exists to hold an adversary hearing under Supplemental Rule E(4)(f) and Local Maritime Rule 4-8 to determine whether Plaintiff holds a valid lien on in rem Defendant Barge Pt. Potrero and whether arrest of the in rem

2

Defendant should be quashed.

Accordingly, the Court ORDERS the parties to appear for such a hearing on March 20, 2006, at 10:00 AM in Courtroom 1, 17th floor, 450 Golden Gate Avenue, San Francisco, California. Parties shall have the opportunity to present all relevant evidence by introducing exhibits and presenting testimony of live witnesses. A full list of all witnesses and exhibits shall be filed with the Court no later than March 16, 2006.

IT IS SO ORDERED.

Dated: March 13, 2006

_____
UNITED STATES DISTRICT JUDGE