UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGER LEASING CORP., a Nevada corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>Barge PT. POTRERO, official number 523213, in rem, TED BUHL and JANE DOE BUHL, individually, and the marital community composed thereof; BUHL DIVING & SALVAGE, a sole proprietorship, in personam<br><br>       Defendants.<br>_____<br><br>AND ALL RELATED ACTIONS<br>_____ | No. C-05-5117 SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE ARBITRATION AGREEMENT |

## I.   INTRODUCTION

Plaintiff Greger Leasing Corp. ("Plaintiff") filed a Motion to Enforce the Arbitration Agreement with Defendants Ted Buhl and Buhl Diving & Salvage ("Defendants"). Defendants and Claimants Riverview Equipment LLC and Jerico Products, Inc. ("Claimants"), the current owner and bareboat charterer of the barge, opposed the Motion. Specifically, Plaintiff seeks to engage in contractual arbitration with Defendants and exclude Claimants from participating.

For the reasons stated herein, the Court hereby GRANTS Plaintiff's Motion to Enforce the Arbitration Agreement.

## II.   BACKGROUND

The facts surrounding the maritime lien and the arrest of in rem Defendant, the Barge Pt. Potrero ("Barge"), have been set

forth in previous Orders of this Court, familiarity with which is presumed. For purposes of this Order, it is necessary to note that Plaintiff Greger Leasing signed a Towage Agreement (the "Agreement") with Buhl Diving & Salvage on May 28, 2005. See Chanco Decl., Exh. A. Pursuant to paragraph 17 of the Agreement, the parties agreed to arbitrate disputes under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Id. In its prior Order dated April 5, 2006, this Court granted Defendants' Motion to Stay and Compel Arbitration. See Docket No. 82. This Court ordered Plaintiff and Defendants to proceed to arbitration as provided by the Towage Agreement. Id.

### III. DISCUSSION

The parties to the Agreement are Plaintiff and Defendants. Chanco Decl., Exh. A. As a result, this Court's prior Order instructed those two parties to proceed to arbitration. Docket No. 82. This did not include Claimants. As the Supreme Court has held, "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 (1983). Furthermore, the Federal Arbitration Act "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." Volt Info. Sciences v. Board of Trustees, 489 U.S. 468, 478 (1989). In light of the Supreme Court's mandate, the contractual arbitration between Plaintiff and Defendants should commence. Claimants, though unable to participate, should take comfort that the

Arbitration Panel's ruling will settle the key issues in dispute, saving time and expense.

**IV.  CONCLUSION**

The Court hereby GRANTS Plaintiff's Motion to Enforce the Arbitration Agreement.  Claimants may not participate in the arbitration hearings.

IT IS SO ORDERED.

Dated: November 22, 2006



UNITED STATES DISTRICT JUDGE