**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9    GREGER LEASING CORP., a Nevada        )    No. C-05-5117 SC
     corporation,                          )
10                                          )
              Plaintiff,                    )    ORDER DENYING CROSS-
11                                          )    MOTIONS FOR ATTORNEY
          v.                                )    FEES
12                                          )
     Barge PT. POTRERO, official number )
13   523213, in rem, TED BUHL and JANE )
     DOE BUHL, individually, and the        )
14   marital community composed thereof;)
     BUHL DIVING & SALVAGE, a sole          )
15   proprietorship, in personam            )
                                            )
16            Defendants.                    )
     ───────────────────────────────────────)
17                                          )
     AND ALL RELATED ACTIONS                )
18   ───────────────────────────────────────)

19

20   **I.   INTRODUCTION**

21        Now before the Court are cross-motions for attorney fees.

22   See Docket Nos. 129, 132.  Both parties filed Oppositions and

23   Replies.  Docket Nos. 135, 138, 140, 144.  Plaintiff also

24   submitted two separate "Objections to Evidence."  Docket Nos. 137,

25   142.  For the reasons discussed below, the Court DENIES

26   Plaintiff's Motion and DENIES Defendants' Motion.  Each party

27   shall be responsible for their own fees and costs.

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.  BACKGROUND

The facts surrounding the maritime lien and the arrest of <u>in rem</u> Defendant, the Barge Pt. Potrero, have been set forth in previous Orders of this Court and familiarity with them is presumed.  For purposes of this Order, it is necessary to note that Plaintiff signed a Towage Agreement with Buhl Diving & Salvage on May 28, 2005.  <u>See</u> Birnberg Decl., Docket No. 103, Ex. A.  Pursuant to paragraph 17 of the Agreement, the parties had agreed to arbitrate their disputes under the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq</u>.  <u>Id.</u>  On April 5, 2006, the Court ordered the parties to arbitration.  Docket No. 82.

On March 2, 2007, prior to arbitration, Defendants submitted their Federal Rule of Civil Procedure 68 Offer of Judgment to Plaintiff in the amount of $26,251.28.  Meadows Decl., Docket No. 136, Ex. 1.  This offer was rejected by Plaintiff.  Meadows Decl. ¶ 3.  In May and June of 2007, Defendants, via email, made two additional, informal offers of $60,000 and $65,000, respectively, to settle the case.[1]  Birnberg Decl., Docket No. 133, ¶ 3, Ex. A.  These offers were also rejected.

On April 4, 2008, an arbitration panel issued its decision awarding Plaintiff $30,400 plus interest and finding Defendants' counterclaim to be without merit.  <u>See</u> Stipulation Re Confirmation of Arbitration Award and Order Thereon, Docket No. 119.  Plaintiff

_____

[1] Plaintiff's Objections to the Evidence primarily concern the admissibility of these two offers.  The Court addresses Plaintiff's arguments below but notes here that Plaintiff concedes that he received, and rejected, these offers.  <u>See</u> Meadows Decl., Docket No. 136, ¶ 4.

2

had originally sought $453,512.50 in damages.  Pl.'s Mot. at 3.
The arbitration panel specifically deferred on the issue of the
parties' obligations for any potentially recoverable attorneys
fees and costs.  <u>Id.</u>  That matter is now before this Court.

**III.  <u>LEGAL STANDARD</u>**

     Both parties agree that because the underlying action
involved maritime law and because Plaintiff's claim was for breach
of contract, California Civil Code § 1717 provides the standard
with which this Court is to determine any allocation of fees.
Section 1717 states: "In any action on a contract, where the
contract specifically provides that attorney's fees and costs . .
. shall be awarded[,] . . . then the party who is determined to be
the party prevailing on the contract . . . shall be entitled to
reasonable attorney's fees in addition to other costs."  Cal. Civ.
Code § 1717(a).  Section 1717 further states:

> The court, upon notice and motion by a
> party, shall determine who is the party
> prevailing on the contract for purposes
> of this section . . . .  [T]he party
> prevailing on the contract shall be the
> party who recovered a greater relief in
> the action on the contract.  The court
> may also determine that there is no party
> prevailing on the contract for purposes
> of this section.

<u>Id.</u> § 1717(b)(1).

     Based on this language alone, it would appear that Greger was
the prevailing party, as Greger recovered $30,400 on the contract
and Defendants recovered nothing.  Other courts, including the
California Supreme Court and the Ninth Circuit, however, have

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1   thought otherwise.  In <u>Hsu v. Abbara</u>, 9 Cal. 4th 863 (1994), the

2   California Supreme Court held:

3           [I]n deciding whether there is a "party
            prevailing on the contract," the trial
4           court is to compare the relief awarded on
            the contract claim or claims with the
5           parties' demands on those same claims and
            their litigation objectives as disclosed
6           by the pleadings, trial briefs, opening
            statements, and similar sources.  The
7           prevailing party determination is to be
            made only . . . by a comparison of the
8           extent to which each party has succeeded
            and failed to succeed in its contentions.

9

10  <u>Id.</u> at 876 (internal quotation marks and alterations omitted).

11  The Ninth Circuit, in recognizing this interpretation of § 1717,

12  has stated: "[I]t is clear from <u>Hsu</u> that a court is entitled to

13  look at more than the issue of liability in determining prevailing

14  party status, and to evaluate litigation success in light of the

15  party's overall demands and objectives."  <u>Berkla v. Corel Corp.</u>,

16  302 F.3d 909, 920 (9th Cir. 2002).

17      Thus, "when the results of the litigation on the contract

18  claims are not mixed - that is, when the decision on the litigated

19  contract claim is purely good news for one party and bad news for

20  the other - . . . a trial court has no discretion to deny attorney

21  fees to the successful litigant."  <u>Hsu</u>, 9 Cal. 4th at 875-76.  By

22  contrast, however, "a determination of no prevailing party

23  [typically] results when . . . the ostensibly prevailing party

24  receives only a part of the relief sought."  <u>Id.</u> at 876.

25  ///

26  ///

27  ///

28

IV.   **DISCUSSION**

A.   **Defendants' Motion**

Defendants assert that because Plaintiff's final recovery was less than the two, informal settlement offers, the mandatory fee-shifting provision of Rule 68 is triggered. Rule 68 states, in part, that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68.

Defendants' argument for fees is contingent upon the application of Rule 68's fee shifting provision to non-Rule 68 settlement offers.  Rule 68, however, plainly forecloses this application, as the mandatory fee-shifting provision only applies to Rule 68 offers.  As another district court has noted, "[t]he very existence of Rule 68, with its precise requirements, creates a negative implication as to offers of settlement that do not comply with its terms." Cowan v. Prudential Ins. Co. of Am., 728 F. Supp. 87, 92 (D. Conn. 1990) (reversed on other grounds by Cowan v. Prudential Ins. Co. of Am., 935 F.2d 522 (2nd Cir. 1991)).  That Rule 68 contains its own set of procedural protections for the party to whom the offer is made indicates that a party may avail itself of the fee-shifting provision only if the party complies with the requirements of Rule 68.  These requirements include, for example, the provision that the Rule 68 offer must be served on the party and it may not be made less than 10 days before trial.  See Fed. R. Civ. P. 68.  To permit the fee shifting provision to be triggered by any informal offer would, in effect, render Rule 68 meaningless.  The Court therefore finds

5

Defendants' argument that it should be awarded fees and costs to
be without merit.  Defendants' Motion for attorney's fees and
costs is DENIED.

### B.    Plaintiff's Motion

The much closer question is whether Plaintiff is the
prevailing party in light of the facts that his recovery was
significantly less than what he sought and that he declined offers
before arbitration that were significantly higher that what he
ultimately recovered.

### 1.    Effect of Informal Offers

Defendants made their Rule 68 settlement offer of $26,251.28
to Plaintiff on March 7, 2007.  This offer was rejected.  In an
exchange of emails beginning in May 2007 and culminating in an
email on June 13, 2007, Defendants made two additional offers to
settle for $60,000, and then $65,0000, respectively.  Both offers
were rejected and Plaintiff was ultimately awarded $30,400 by the
arbitration panel.  In analyzing the issue of whether Plaintiff
was a prevailing party, the Court "is entitled to look at more
than the issue of liability in determining prevailing party
status, and to evaluate litigation success in light of the party's
overall demands and objectives."  Berkla, 302 F.3d at 920.

As discussed above, Defendants' informal offers did not
trigger the mandatory fee shifting provision of Rule 68.  The
question remains, however, whether, in evaluating Plaintiff's
overall litigation strategy, the decision to reject the two
informal offers and proceed to arbitration, which resulted in a
final award that was approximately half of the informal offers,

United States District Court
For the Northern District of California

dooms Plaintiff's argument that he should nonetheless be considered the prevailing party.

As an initial matter, the Court addresses Plaintiff's evidentiary objections to the informal offers.  Plaintiff argues that this Court should not consider these offers because of Federal Rule of Evidence 408.  Rule 408 prohibits the admission of evidence of offers to settle when such evidence is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . . ."  Fed. R. Evid. 408. Based on this language, Rule 408 does not bar introduction of the settlement offers at this stage of the proceedings.  Liability is no longer in dispute and the amount of the claim has been conclusively determined by the arbitration panel.

Although the Court is not prohibited by the Federal Rules of Evidence from looking at the two informal settlement offers, the issue nonetheless remains as to whether informal settlement offers may be considered in determining prevailing party status.  The Ninth Circuit has addressed this issue and concluded that, "absent a Rule 68 offer, a plaintiff's failure to accept a settlement offer that turns out to be less than the amount recovered at trial is not a legitimate basis for denying an award of costs."  Berkla, 302 F.3d at 922.  In reaching this conclusion, the court relied on a number of cases from other circuits, all of which decided the issue in the same manner.  The court stated:

> Although no Ninth Circuit case speaks directly to this issue, other circuits have adopted [the following positions]. See Clark v. Sims, 28 F.3d 420, 424 (4th Cir. 1994) ("Because the district court

**United States District Court**
For the Northern District of California

1   limited appellants' recovery of
2   attorney's fees based on a settlement
    offer which failed to meet the
3   requirements of Rule 68, its decision
    must be vacated . . . ."); <u>Ortiz v.</u>
    <u>Regan</u>, 980 F.2d 138, 141 (2nd Cir. 1992)
4   (finding that, where the defendant could
    have made a formal offer of judgment
5   pursuant to Rule 68, but chose not to use
    this procedure, the plaintiff's rejection
6   of a settlement offer should not operate
    to reduce an otherwise appropriate fee
7   award); <u>Cooper v. Utah</u>, 894 F.2d 1169,
    1172 (10th Cir. 1990) (reversing district
8   court's reduction of attorney's fees
    based on settlement negotiations where
9   the defendants had not "availed
    themselves of an offer of judgment
10  pursuant to Rule 68").

11  <u>Id.</u>

12      <u>Berkla</u> and the federal cases on which it relies are

13  distinguishable from the present case in that Defendants made both

14  a Rule 68 offer and informal offers.  This distinction, however,

15  does little to alter the impact of <u>Berkla</u>.  The plain meaning of

16  <u>Berkla</u> is that a plaintiff's refusal to accept an offer that does

17  not meet the requirements of Rule 68 is not a permissible reason

18  for denying that plaintiff costs.  As the court in <u>Berkla</u> stated:

19          We agree with the reasoning of our sister
            circuits that, absent a Rule 68 offer of
20          judgment, a plaintiff's failure to accept
            a settlement offer that turns out to be
21          less than the amount recovered at trial
            is not a legitimate basis for denying an
22          award of costs.  To hold otherwise would
            render Rule 68 largely meaningless.  It
23          was therefore error for the district
            court to deny Berkla costs based on
24          Corel's non-Rule 68 settlement offer.

25  <u>Id.</u>

26      The only contrary authority encountered by this Court was

27  <u>Meister v. Regents of the University of California</u>, 67 Cal. App.

28
                                    8

United States District Court
For the Northern District of California

4th 437 (Ct. App. 1998).  In Meister, the California Court of
Appeal held that trial courts may consider "a nonstatutory
settlement offer" in the determination of a reasonable attorney's
fee award.  Id. at 452.  The court stated that "a trial court
operating within its discretion is simply empowered to take into
consideration the fact that a party continued to litigate a matter
after a reasonable, albeit informal, settlement offer."  Id.  In
reaching this conclusion, the court relied on the reasoning of the
United States Supreme Court, which had stated: "In a case where a
rejected settlement offer exceeds the ultimate recovery, the
plaintiff - although technically the prevailing party - has not
received any monetary benefits from the postoffer services of his
attorney."  Marek v. Chesny, 473 U.S. 1, 11 (1985).  It is worth
noting that Marek did not address the issue of whether rejection
of a non-statutory settlement offer would operate the same as a
rejection of a statutory settlement offer; the issue in Marek
solely concerned rejection of a Rule 68 offer.[2]

        Subsequent to Meister, the California Court of Appeal called
into question its validity.  In Greene v. Dillingham Construction

_____

        [2]  The court in Meister analyzed a settlement offer under
section 998 of the California Code of Civil Procedure.  See
Meister, 67 Cal. App. 4th at 450.  Both parties agree that the
settlement offer in the present case was made pursuant to Federal
Rule of Civil Procedure 68.  As the Ninth Circuit has noted,
however, section 998 and Rule 68 are substantially the same.  See
Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167 (9th Cir. 1995)
(stating "[f]ederal and California law regarding offers of judgment
are similar in that they both allow a defendant to recover costs if
he makes a settlement offer before trial, the plaintiff refuses to
settle, and the plaintiff obtains a trial judgment that is worth
less than the settlement offer.  Compare Fed. R. Civ. P. 68 with
Cal. Code Civ. P. § 998(c).")

9

1   N.A. Inc., 101 Cal. App. 4th 418 (Ct. App. 2002), the court

2   stated:

3           We respectfully disagree with the court's
            reasoning in Meister. Section 998 is a
4           cost-shifting statute that encourages
            settlement by providing a strong
5           financial disincentive to a party who
            refuses a reasonable settlement offer. .
6           . . Section 998's punitive provisions,
            however, have no application to the
7           informal settlement offer made during the
            course of a confidential mediation
8           session.

9   Id. at 425. Moreover, the court noted that "the Meister court's

10  holding ignores the procedural protections afforded recipients of

11  statutory section 998 offers," protections which "are not

12  necessarily provided in an informal settlement offer." Id. For

13  example, "[a]n offer pursuant to section 998 may not be withdrawn

14  prior to trial or within 30 days after the offer is made,

15  whichever occurs first." Id. Thus, the court in Greene concluded

16  by declining "to follow Meister's holding that a trial court can

17  consider an informal settlement offer in" determining whether fees

18  were reasonably spent. Id. at 426. Finally, not only is Meister

19  a state law case, and therefore not controlling, but the Ninth

20  Circuit has considered and expressly rejected Meister's holding.

21  Berkla, 302 F.3d at 922.

22      Based on the foregoing, the Court is bound to conclude that

23  Plaintiff's refusals to accept Defendants' two informal offers of

24  $60,000 and $65,000 are not to be considered in determining

25  whether Plaintiff was the prevailing party.

26  ///

27  ///

28                                      10

2.   <u>Effect of Plaintiff's Recovery of Substantially</u>
<u>Less Than What Was Sought</u>

Plaintiff sought $453,512.50 and was awarded only $30,400. In analyzing the issue of whether Plaintiff was a prevailing party, the Court "is entitled to look at more than the issue of liability in determining prevailing party status, and to evaluate litigation success in light of the party's overall demands and objectives." <u>Berkla</u>, 302 F.3d at 920. The Court must determine how the fact that Plaintiff's recovery was substantially less than what it sought affects Plaintiff's proposed status as the prevailing party.

Not surprisingly, different courts have reached different conclusions on this issue. In <u>Berkla</u>, the Ninth Circuit held that the district court did not abuse its discretion in determining that the plaintiff was not the prevailing party in light of the fact that the plaintiff had sought more than $1.2 million but was awarded only $23,502 by a jury. <u>Berkla</u>, 302 F.3d at 920.

In <u>Scott Co. of Cal. v. Blount, Inc.</u>, 20 Cal. 4th 1103 (1999), the "plaintiff sought to prove more than $2 million in damages [and] succeeded in establishing only about $440,000 in damages." <u>Id.</u> at 1109. Nonetheless, the California Supreme Court held that "[a]lthough plaintiff here did not achieve all of its litigation objectives, and thus is not automatically a party prevailing on the contract for purposes of section 1717, the trial court did not abuse its discretion in implicitly concluding that on balance plaintiff prevailed on the contract for purposes of section 1717." <u>Id.</u>

11

United States District Court
For the Northern District of California

1    In light of the fact that Plaintiff sought $453,512.50 and

2    was awarded only $30,400, thereby recovering less than 7% of

3    claimed damages, the Court, following the Ninth Circuit, concludes

4    that Plaintiff is not a prevailing party. <u>See</u> <u>Berkla</u>, 302 F.3d at

5    920 (stating "[g]iven the equitable considerations that animate

6    prevailing party status under § 1717 . . ., we conclude that the

7    district court did not abuse its discretion in denying Berkla's

8    attorney's fees request" when Berkla's recovery at trial was less

9    than 3% of what he affirmatively sought"); <u>see</u> <u>also</u> <u>Hsu</u>, 9 Cal.

10   4th at 876 (stating "a determination of no prevailing party

11   [typically] results when . . . the ostensibly prevailing party

12   receives only a part of the relief sought").

13

14   **V.**   **<u>CONCLUSION</u>**

15   For the reasons stated above, the Court DENIES Plaintiff's

16   Motion for Attorney's Fees and DENIES Defendants' Motion for

17   Attorney's Fees.

18

19

20   IT IS SO ORDERED.

21

22   Dated: November 6, 2008

23   _____

24   UNITED STATES DISTRICT JUDGE

25

26

27

28
                                        12