JEDEIKIN, SPAULDING, MEADOWS & SCHNEIDER
John F. Meadows, CA Bar # 23050
Leopoldo J. Chanco, CA Bar #136083
333 Pine Street, 5th Floor
San Francisco, CA 94104
Phone: (415) 477-8826
Fax: (415) 421-5658

Attorneys for Plaintiff
GREGER LEASING CORP.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGER LEASING CORP, a Nevada corporation<br><br>         Plaintiff,<br> v.<br><br>Barge PT. POTRERO, official number 523213, *in rem*; TED BUHL and JANE DOE BUHL, individually, and the marital community composed thereof; BUHL DIVING & SALVAGE, a sole proprietorship, *in personam*,<br><br>         Defendants. | IN ADMIRALTY<br><br>NO.  C 05-5117 SC<br><br>**STIPULATION FOR ENTRY OF JUDGMENT**<br><br>**(Fed.R.Civ.Pro. 58)** |
| AND RELATED CROSS-ACTIONS | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

  It is hereby stipulated between Plaintiff GREGER LEASING (hereinafter "GREGER") and Defendants TED BUHL and JANE DOE BUHL, individually, and the marital community composed thereof; BUHL DIVING & SALVAGE, a sole proprietorship, *in personam* (hereinafter "BUHL") that judgment in the above-entitled case be and the same entered as

- 1 –
C05-5117 SC    STIPULATION FOR ENTRY OF JUDGMENT

follows:

On April 5, 2006 the action by plaintiff GREGER against BUHL was ordered to binding arbitration pursuant to the arbitration clause in the Towage Contract. On April 4th 2008 the arbitration panel returned its decision and award and on April 24th, 2008 the arbitration panel rendered its clarification of the award. A true and correct copy of the award and clarification are attached hereto, respectively, as Exhibits 1 and 2.

**IT IS FURTHER STIPULATED** that the award including prejudgment interest is satisfied in full.

Dated: December 8, 2008          JEDEIKIN, SPAULDING, MEADOWS & SCHNEIDER

By: __/s/ John F. Meadows_____
John F. Meadows
Attorneys for Plaintiff Greger Leasing Corp.
And Third Party Defendant Ron Greger

Dated: December 16, 2008          BIRNBERG & ASSOCIATES

By: ___/s/Cory A. Birnberg_____
Cory A. Birnberg
Attorneys for Defendants

**ORDER**

IT IS SO ORDERED.

Dated:    December __19___, 2008

_____
The Honorable Samuel Conti
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

- 2 –
C05-5117 SC          STIPULATION FOR ENTRY OF JUDGMENT

**ORIGINAL**

# CONTRACTUAL ARBITRATION

GREGER LEASING CORP. a Nevada corporation,
    Claimant,

    And

TED BUHL, dba BUHL DIVING & SALVAGE,
    Respondents.

TED BUHL, dba BUHL DIVING & SALVAGE,
    Counter-Claimant,

    And

GREGER LEASING CORP., a Nevada corporation; RON GREGER,
    Counter-Defendants.

# FINAL AWARD

**Counsel:**

John F. Meadows, Esq.
JEDEIKIN, SPAULDING, MEADOWS & SCHNEIDER
333 Pine St., 5th Fl.
San Francisco, CA 94104
Tel. 415-477-8826
Fax 415-421-5658
Jmeadows@jsmslaw.com

Counsel for Claimant Greger Leasing Corp. and Counter-Defendants Greger Leasing Corp. and Ron Greger

Cory Birnberg, Esq.
BIRNBERG & ASSOCIATES
703 Market Street, Suite 600
San Francisco, CA 94103
Tel. (415) 398-1040
Fax. (415) 398-2001
Birnberg@birnberg.com

Counsel for Respondents and Counter-Claimants
Ted Buhl, dba Buhl Diving & Salvage

**Arbitrators:**

Rupert P. Hansen, Esq.
COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 The Embarcadero
San Francisco, CA 94105
Tel: (415) 438-4600
Fax: (415) 438-4601
Rhansen@cwghp.com

Eric M. Danoff, Esq.
EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Tel: (415) 227-9455
Fax: (415) 227-4255
Edanoff@edptlaw.com

**Edward M. Bull, III, Esq.**
**BANNING MICKLOW & BULL LLP**
**One Market, Steuart Tower, Suite 1440**
**San Francisco, CA 94105-1528**
**Tel: (415) 399-9191**
**Fax:(415) 399-9192**
Ebull@banningmicklow.com

Place of Arbitration:   San Francisco, California

Date of Final Award:  April 4, 2008

THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the wishes of the parties hereto, and pursuant to paragraph 17 of the "Towage Agreement, Terms and Conditions" executed by the parties, and having examined the submissions, proof and allegations of the parties, and, considering the evidence and testimony, find, conclude and issue this Final Award as follows:

## I.   INTRODUCTION AND PROCEDURAL STATEMENT

On May 5, 2005, Ted Buhl dba Buhl Diving & Salvage ("Buhl") entered into a written contract with Hanson Marine Finance, Inc. to purchase an overturned barge, the SB-20, O.N. 523213 (the "Barge"). **(Ex 306)**. That contract of sale is not in issue in this matter, but it is how Buhl became the owner of the Barge that was the subject of the salvage services in issue in this arbitration.

On April 30, 2005, Buhl entered into a contract to sell the Barge to Riverview Equipment Company LLC ("Riverview"). Pursuant to that contract, Buhl was to deliver the Barge "upright and floating"... "at Hunter's Point no later than July 1, 2005...." **(Joint Ex. 20)**. The Barge was later re-named by Riverview as the PT. POTRERO.

At all times material to the disputes being arbitrated, Ron Greger ("Greger") was the owner/operator of the Tugs CAPT REINO and NOELANI, as well as the Barge 152, and provided certain services to Buhl with regard to the Barge.[1]

In May, 2005, Greger and Buhl entered into an oral contract whereby Greger was to provide salvage services to parbuckle the Barge (*i.e.*, flip the Barge to right-side up) for a flat fee of $15,000.

In June, 2005, Greger and Buhl entered into a Towage Agreement, Terms and Conditions for additional services related to further salvage efforts for the Barge (the "Contract"). **(Joint Ex. 17)**. The Contract states it was executed on May 28, 2005, but the weight of evidence shows it was executed in June, 2005.

---

[1] Ron Greger subsequently assigned all his claim rights concerning his claims in this matter to a Nevada corporation, Greger Leasing Corp. **(Joint Ex 15)**. All references to the Claimant is to Greger Leasing Corp. (hereafter "Greger Leasing").

3

On June 12, 2005, Buhl paid Ron Greger $6,000. **(Joint Ex. 18)**. On July 16, 2005, Buhl paid Ron Greger $30,000. **(Joint Ex. 19)**.

In December, 2005, Greger Leasing filed suit against Buhl and Jane Doe Buhl *in personam* and the Barge *in rem* in the United States District Court for the Northern District of California, Case No. C 05-5117 SC (the "Action"). **(Joint Ex. 21)**. Buhl and Jane Doe Buhl cross-claimed against Greger Leasing Corp. and made a third-party complaint against Ron Greger in the Action. **(Joint Ex. 22)**.

Neither the claims by or against Jane Doe Buhl *in personam*, or those directly involving the Barge *in rem* are within the arbitration clause of the Contract, and the Arbitrators do not decide those claims.

The parties have requested that the Arbitrators issue a reasoned award. Pursuant to that request, this Award is a Final Award deciding all the arbitrable issues.

## II.     **DECISION**

**A.**     The Panel finds the evidence does not support Buhl's Counter-Claim against Greger Leasing or Buhl's Third-Party Complaint against Ron Greger for damage to the Barge. The Panel finds that Buhl failed to meet his burden of proving that Greger's actions or inactions caused the damage to the Barge. Each of those claims is therefore denied.

**B.**     The Panel finds that there was an oral contract between Buhl and Ron Greger for the parbuckling of the Barge. The agreed compensation for the parbuckling work was a flat rate of $15,000, and the Panel finds this included the cost of a mobilization to the Hunters Point site, and a demobilization from the Hunters Point site of the tugs CAPT REINO and NOELANI. These vessels were utilized at various times in the efforts to parbuckle the Barge. The Barge was successfully parbuckled on June 2, 2005. Buhl's payment of $6,000 on June 12, 2005, and $9,000 of Buhl's $30,000 payment on July 16, 2005, fully paid the $15,000 flat fee for parbuckling. Therefore, Greger Leasing's claim for parbuckling services is denied.

**C.**     Accordingly, after deduction of the $15,000 flat fee for parbuckling from Buhl's two payments to Ron Greger totalling $36,000, Buhl has a $21,000 credit towards the financial liability discussed below.

**D.**     The Panel finds that as to the written "Towage Agreement, Terms and Conditions" entered into between Ron Greger and Buhl, there was no meeting of the minds between the parties on how or when "standby" was to be charged. The Contract, which the Panel notes is by its terms focused on towage concepts, does not define or discuss in any meaningful way what would trigger standby, whether a captain or crew would be provided during standby, what state of readiness a vessel on standby would be maintained, nor does the Contract specify what tug or tugs would be supplied for

4

operations or standby. The Contract does not mention provision of the Barge 152 at all. Finding the Contract's stand-by provisions to be ambiguous, and looking to parole evidence, the panel found the live testimony and written transcripts to be of little help in defining the stand-by terms. However, even disregarding all testimony that Greger had expressly waived stand-by charges, the Panel finds that Greger failed to meet his burden to show an agreement as to stand-by rates and their application. Nonetheless, the Panel has the ability to utilize principles of equity, fairness and *quantum meruit*, and will do so here.

**E.** Based on the evidence as a whole, the Panel finds that after the completion of the parbuckling event the NOELANI played no meaningful role in the salvage services provided under the Contract and provided no benefit to Buhl and consequently no unjust enrichment. As a consequence, no operational or standby compensation is payable on account of the NOELANI's presence at the Hunters Point site. Since the NOELANI was mobilized and used in the parbuckling of the Barge, the cost of the NOELANI's demobilization from the Hunters Point site to Ron Greger's Antioch base are included in the parbuckling's $15,000 flat fee. Accordingly, the claims for compensation for the NOELANI are denied.

**F.** Based on the evidence as a whole, the Panel finds that Greger Leasing is entitled to compensation for 92 operational hours of the tug CAPT REINO at $375 per hour, for a total of $34,500 in operational compensation.

**G.** Based on the evidence as a whole, and on principles of equity, fairness and *quantum meruit*, the Panel finds that Greger Leasing is entitled to compensation for the "standby" services of the CAPT REINO at a rate of $1,000 per day for a total of 13 days, or $13,000 in standby compensation for the CAPT REINO.

**H.** Based on the evidence as a whole, and on principles of equity, fairness and *quantum meruit*, the Panel finds that Greger Leasing is entitled to 13 days of daily compensation for the Barge 152 at $300 per day, for a total of $3,900 in daily compensation.

**I.** The Panel notes that pursuant to Buhl's contract with Riverview, title to the Barge transferred from Buhl to Riverview on July 1, 2005 while the Barge was at Hunters Point. (**Joint Ex 20**). Accordingly, there can be no *quantum meruit* benefit to Buhl for any subsequent actions taken by Ron Greger after July 1, 2005, with regard to the Barge or the CAPT REINO's towing of the Barge to Bay Ship in Alameda, California, for repairs. However, the Panel expresses no opinion with regard to Ron Greger's or Greger Leasing's rights as against anyone else concerning these post-July 1, 2005 actions or services.

**J.** Based on the evidence as a whole, the Panel finds that the legal standards for Account Stated as alleged by Greger Leasing are not satisfied, and its claim for Account Stated is denied.

**K.**   Paragraph 17 of the Contract provides, in part:

"The arbitrators are empowered to assess the cost and expense of arbitration (including the arbitrator's fees) against the losing party in whole or in part."

In this case Greger Leasing has been awarded a net financial recovery, and Buhl has incurred a net financial obligation to pay the Award to Greger Leasing. However the net financial recovery of Greger Leasing is less than 10% of the amount it made as its claim in the Arbitration. Because Greger Leasing's claim is highly disproportionate to its Award, and because Buhl is nevertheless obligated to pay an Award to Greger Leasing, the Panel exercises its discretion to not allocate any costs between the parties, and finds that each party is to bear its own costs of the arbitration. While Buhl did provide the Panel with a sealed envelope said to contain an Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure, the Parties briefs acknowledge that it does not control in this arbitration, although Buhl argues that it should be considered as a factor in the Panel's exercise of its discretion in allocating costs. The Panel finds that the FRCP Rule 68 offer is not applicable in this arbitration, and because the offer itself is less than the net amount Respondent and Counter-Claimant Ted Buhl has been found liable to pay in this Award, the Panel exercises its discretion to disregard the FRCP Rule 68 offer entirely.

**L.**   Paragraph 19 of the Contract provides, in part:

"[Owner agrees to pay Tower's reasonable attorneys fees and collection costs incurred to collect sums due or to enforce any right possessed by Tower under this Agreement, even though no suit or action is filed hereon; however, if suit, action or arbitration is filed, the amount of such reasonable attorneys fees at trial, or appeal, and any arbitration, **shall be fixed by the court *or* the arbitrators.** Such attorneys' **fees may include attorneys fees** as may be **incurred in collection of any judgment rendered**, as well as deposition costs and fees of expert witnesses engaged in any such action." (Emphasis added.)

Since the Action will not be ended by this arbitration Award, and since subsequent attorneys fee activities are likely to occur in the Action (*e.g.*, efforts to confirm the Award as a judgment), it is premature to determine the quantum of reasonable attorneys fees "to enforce any right possessed by the Tower under [the] Agreement," and it appears to the Panel that the Court will be in the better position to globally assess the quantum of reasonable attorneys fees that may ultimately be recoverable, with the benefit of briefs and evidence from the parties on their positions at the ultimate conclusion of the proceedings in the Action. Accordingly, the Arbitrators defer to the Court to determine any recoverable attorneys fees, costs and expert fees in the matter globally, beyond those costs and expense incurred by the respective parties in the arbitration, which the Panel has determined shall each be borne by the party who incurred them, per Section II.K. of this Award.

**M.**   While the Contract makes no mention of interest or late fees, the arbitral dispute is part of an admiralty and maritime action within the meaning of FRCP Rule

9(h), and pre-judgment interest is awarded as a matter of course in such maritime disputes. Accordingly, Greger Leasing shall be entitled to recover pre-judgment interest from the date of July 1, 2005, on the amounts Awarded, utilizing the then applicable federal post-judgment rate of interest as provided for in 28 U.S.C. § 1961.

## III. CONCLUSION AND FURTHER PROCEEDINGS

A. Greger Leasing is entitled to be paid $34,500 under ¶ II.F. of this Award, $13,000 under ¶ II.G. of this Award, and $3,900 under ¶ II.G. of this Award, *minus* $21,000 in payment credits found under ¶ II.C. of this Award, for a net compensatory Award of $30,400.

B. Pursuant to ¶ II.M. of this Award, Greger Leasing is entitled to prejudgment interest, utilizing the then applicable federal post-judgment rate of interest as provided for in 28 U.S.C. § 1961, on the sum of $30,400 from July 1, 2005 until paid, or until the date judgment is entered and post-judgment interest begins to accrue.

C. Pursuant to ¶ II.K. of this Award, Greger Leasing and Buhl shall each bear their own costs and expenses of this arbitration, including the Arbitrators Fees.

D. With regard to the parties' past and continuing rights and obligations under paragraph 19 of the Contract, the Arbitrators defer to the Court to determine any recoverable attorneys fees, costs and expert fees in the matter globally, beyond those costs and expenses incurred in the arbitration which the Panel has declined to Award per ¶ II.K. of this Award.

E. With regard to the sealed envelope said to contain a copy of a FRCP Rule 68 Offer of Judgment, the Panel concludes that the FRCP Rule 68 offer is not applicable in this arbitration, and because the offer itself is less than the net amount Respondent and Counter-Claimant Ted Buhl has been directed to pay in this Award, the Panel exercises its discretion to disregard the FRCP Rule 68 offer entirely.

## IV. FINAL AWARD

A. Respondent **TED BUHL, dba BUHL DIVING SERVICE** shall pay to Claimant **GREGER LEASING** the sum of $30,400, plus prejudgment interest from July 1, 2005.

B. The Counter-claim of **TED BUHL, dba BUHL DIVING SERVICE** against Claimant **GREGER LEASING** and Counter-Defendant **RON GREGER** is denied with prejudice.

C.  This Final Award resolves all the claims between the parties submitted for decision to the Arbitrators, with the exception of the parties' past and continuing rights and obligations under ¶ 19 of the Contract, as to and pursuant to which, the Arbitrators defer to the Court to determine any recoverable attorneys fees, costs and expert fees in the matter globally, over and above those costs and expenses incurred in the arbitration which the Panel has declined to Award per ¶ II.K (and ¶ IV.B) of this Award.

DATED: April 4, 2008

_____
Rupert P. Hansen, Arbitrator and Panel Chair

_____
Eric M. Danoff, Arbitrator

_____
Edward M. Bull, III, Arbitrator

# CONTRACTUAL ARBITRATION

GREGER LEASING CORP. a Nevada corporation,
    Claimant,

And

TED BUHL, dba BUHL DIVING & SALVAGE,
    Respondents.
---
TED BUHL, dba BUHL DIVING & SALVAGE,
    Counter-Claimant,

And

GREGER LEASING CORP., a Nevada corporation; RON GREGER,
    Counter-Defendants.
---

## ORDER REGARDING REQUEST FOR CLARIFICATION AND RECONSIDERATION OF FINAL AWARD

**Counsel:**

John F. Meadows, Esq.
JEDEIKIN, SPAULDING, MEADOWS & SCHNEIDER
333 Pine St., 5th Fl.
San Francisco, CA 94104
Tel. 415-477-8826
Fax 415-421-5658
Jmeadows@jsmslaw.com

Counsel for Claimant Greger Leasing Corp. and Counter-Defendants Greger Leasing Corp. and Ron Greger


Cory Birnberg, Esq.
BIRNBERG & ASSOCIATES
703 Market Street, Suite 600
San Francisco, CA 94103
Tel. (415) 398-1040
Fax. (415) 398-2001
Birnberg@birnberg.com

Counsel for Respondents and Counter-Claimants
Ted Buhl, dba Buhl Diving & Salvage


**Arbitrators:**

Rupert P. Hansen, Esq.
COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
190 The Embarcadero
San Francisco, CA 94105
Tel: (415) 438-4600
Fax: (415) 438-4601
Rhansen@cwghp.com

Eric M. Danoff, Esq.
EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Tel: (415) 227-9455
Fax: (415) 227-4255
Edanoff@edptlaw.com

Edward M. Bull, III, Esq.
BANNING MICKLOW & BULL LLP
One Market, Steuart Tower, Suite 1440
San Francisco, CA 94105-1528
Tel: (415) 399-9191
Fax:(415) 399-9192
Ebull@banningmicklow.com

Place of Arbitration:   San Francisco, California

Date of Final Award:  April 4, 2008
Date of Order on Motion for Clarification and Reconsideration:  April 24, 2008

THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the wishes of the parties hereto, and pursuant to paragraph 17 of the "Towage Agreement, Terms and Conditions" executed by the parties, and having previously issued their Final Award in this matter, now hereby rule upon the Request for Clarification and Reconsideration of Final Award made by Respondent and Counter-Claimant Ted Buhl, dba Buhl Diving & Salvage ("Buhl"):

## I.   INTRODUCTION AND PROCEDURAL STATEMENT

On April 7, 2008, the Panel transmitted its Final Award in this matter to the parties.

On April 9, 2008, Counsel for Buhl sent an e-mail request for clarification of the Panel's Final Award, and a request for reconsideration of the Award's allocation of arbitration costs and expense.

Specifically as to the request for clarification, Counsel for Bhul believed that the Final Award was unclear as to what the Panel intended by its language addressing attorneys fees [Paragraph II. L.of the Award], and in particular whether the Panel was requiring each party to bear its own attorneys fees in the arbitration.

As for the request for reconsideration, Counsel for Buhl asked that the Panel consider offers of settlement alleged to have been made by Buhl prior to the arbitration, and in addition to Buhl's Rule 68 offer.

Counsel for Claimant and Counter-Defendant Greger Leasing and for Counter-Defendant Ron Greger opposes the request for reconsideration.

## II.   RULING

    A.    The Panel's Final Award regarding attorneys fees is addressed in Section II. L. of the Final Award. As noted in that Award, the Panel believes that the Judge in the related Federal District Court action ("Action") is in the

3

best position to evaluate the issues and claims made or that could be made under Paragraph 19 of the "Towage Agreement, Terms and Conditions." While the Panel did not award attorney fees or expert fees to either party, that decision is intended to be without prejudice to a subsequent global decision by the Court whether, pursuant to Paragraph 19 of the Contract, to award attorney fees and expert fees to any party, including those incurred in the arbitration and/or in the Court proceedings.

**B.** The Panel DENIES the request for reconsideration of the Final Award's allocation of costs and expense of the arbitration.

The Panel members have requested that the Panel Chair issue this Order on the Panel's behalf and have authorized the Panel Chair to sign this Order on their behalf.

DATED: April 24, 2008

_____
Rupert P. Hansen, Arbitrator and Panel Chair

_____
for: Eric M. Danoff, Arbitrator

_____
for: Edward M. Bull, III, Arbitrator